The opinion delivered by
Trezevant, J.,
was to the following effect.
That parol evidence was admissible, to shew the actual situation and boundaries of the land, though different from the patent. To shew by evidence dehors the patent, the true meaning of the same,1 That the place, or land, and lines, mentioned and described in the patent, and survey thereunto annexed, must, from necessity, in all cases, be located and identified by witnesses who are to testify in, court concerning the same; and as such evidence is, from the necessity of the case, in almost every case required, so in some cases the same necessity may exist, to allow of evidence which will show' that the description in the patent is incorrect, and that the land actually surveyed, as mentioned in the patent, and granted, lies in a different place, or that the lines, as described, run in a different direction. This kind of evidence is necessary to give effect to the, patent, and not to render it null, or impair it. Without the admission of such evidence the land actually granted could not be found, and the boundaries thereof ascertained.
Note. See 3 Bin. 109, S..P. accordant. 7 Johns. 341. 3 Caines, 169. Lessors of plaintiff’s tenants in com. Objection not such a demise as was sufficient. It is said the estates of ten. in com. are several and distinct, and that there is no privity between them. But the court said there was the requsite privity to support, a’common joint demise to transfer the possession without any circuity. In ejectment it is a mere fiction. The recovery will enure to each lessor, according to his title. Jackson ex dem. Tennis et. al. v. Bradt.